**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-02055-RM-CBS

WILLIAM KENNEDY,

    Plaintiff,

v.

CONTINENTAL WESTERN INSURANCE COMPANY,

    Defendant.

_____

**ORDER REMANDING CASE**
_____

    THIS MATTER comes before the Court *sua sponte*.

    Plaintiff William Kennedy ("Plaintiff") commenced this action in the District Court, County of Boulder, Colorado, seeking to recover damages sustained from a hit and run motor vehicle accident. The state court Complaint alleges that, at the time of the accident, Plaintiff's employer had in force an automobile policy ("Policy") issued by Defendant Continental Western Insurance Company ("Defendant") which provided uninsured/underinsured motorist coverage. Plaintiff asserts he is entitled to such coverage under the Policy and brings one claim against Defendant for uninsured motorist/breach of contract. He seeks to recover economic, non-economic, compensatory, and other damages and relief.

    Defendant's Notice of Removal asserts the state court case can be removed because this Court has jurisdiction pursuant to 28 U.S.C. § 1332. This provision requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000.00, exclusive of interest and

costs. The Court has reviewed the Notice of Removal and its attachments to determine whether Defendant has shown the requirements are met.

The state court Complaint contains no allegations that specifically quantify or estimate injuries, damages, and losses suffered. Defendant has not asserted the Complaint itself presents a combination of facts and theories of recovery that may support a claim in excess of $75,000.00. Instead, Defendant relies solely on Plaintiff's "District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint" ("Civil Cover Sheet") where he checked a box stating he seeks a monetary judgment over $100,000 against Defendant, including attorney fees, penalties, and punitive damages, but excluding interest and costs as well as the value of any equitable relief sought. (ECF No. 1, Notice of Removal, page 2 & No. 1-4. page 2.) Plaintiff also checked boxes marked "Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating … C.R.C.P. 16.1 does not apply to this case," but Defendant filed no stipulation or notice with its removal and represented all papers filed in the state court action have been filed with this Court. (ECF No. 1, page 3; ECF No. 1-4, page 2.)

The party invoking jurisdiction of the federal court bears the burden of establishing that jurisdiction is proper. *E.g., Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). "The amount of controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). There is a presumption against removal jurisdiction. *Id.*

The Tenth Circuit Court of Appeals has not addressed the issue of whether a defendant may rely solely upon the Civil Cover Sheet filed by Plaintiff in the state court to establish the amount in controversy. *See Warner v. CitiMortgage, Inc.*, No. 12-1192, 2013 WL 4046567, at *3 (10th Cir. Aug. 12, 2013). Defendant relies on *Henderson v. Target Stores*, 431 F.Supp.2d 1143 (D. Colo.

2006) but that analysis has been rejected by other Judges in this district.  *E.g., Holladay v. Kone, Inc.*, 606 F.Supp.2d 1296, 1297 (D. Colo. 2009).  This Court also finds the Civil Cover Sheet, by itself, is not sufficient to establish the amount in controversy for purposes of federal diversity jurisdiction.  *E.g., Baker v. Sears Holdings Corp.,* 557 F.Supp.2d 1208 (D. Colo. 2007); *Aurora Bank, FSB v. Mortgage Master, Inc.,* No. 13-cv-00474-CMA-CBS, 2013 WL 2015810 (D. Colo. May 14, 2013) (unpublished); *Gabler v. HA Housing, LP,* No. 12-cv-02671-PAB-KMT, 2012 WL 4856734 (D. Colo. Oct. 12, 2012) (unpublished).  Accordingly, it is

**ORDERED** that, due to this Court's lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 1447(c) this case is **REMANDED** to the District Court, County of Boulder, Colorado, where it was original filed as Civil Action No. 2013CV30221.

DATED this 26th day of August, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge